**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Case No. 15-cv-01336-RM-KMT

JUDIE DAVIDSON-SEIDEL,

    Plaintiff,

v.

THE DENVER ATHLETIC CLUB,

    Defendant.

_____

**OPINION AND ORDER**
_____

On June 23, 2015, plaintiff Judie Davidson-Seidel ("plaintiff") filed a Complaint against The Denver Athletic Club ("defendant") (ECF No. 1), raising the following claims: (1) age discrimination in violation of the Age Discrimination in Employment Act; (2) sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"); (3) associational discrimination in violation of the Americans with Disabilities Act ("the ADA"); (4) retaliation in violation of the ADA; and (5) discrimination under the Colorado Anti-Discrimination Act. (ECF No. 1 at ¶¶ 32-77.) Plaintiff's claims are essentially premised upon defendant's termination of her employment. (*See id.* at ¶¶ 7-31.)

Pending before the Court are two separate, but related motions. First, two months after the filing of the Complaint, defendant filed a motion for partial summary judgment as to plaintiff's claims under the ADA and Title VII (Claims 2-4) ("the motion for summary judgment") (ECF No. 9) and statement of undisputed material facts (ECF No. 9-1). Plaintiff filed a response to the motion

for summary judgment (ECF No. 16), and a response and additional facts to defendant's statement of undisputed material facts (ECF No. 16-1). Defendant then filed a reply (ECF No. 23) and a reply statement of undisputed material facts (ECF No. 23-1).

Second, on the same day as filing her response to the motion for summary judgment, plaintiff also filed a motion to defer ruling on the motion for summary judgment pursuant to Fed.R.Civ.P. 56(d) ("the Rule 56(d) motion") (ECF No. 17) and an affidavit in support of the Rule 56(d) motion ("the affidavit") (ECF No. 17-1). Defendant filed a response to the Rule 56(d) motion (ECF No. 21), and plaintiff then filed a reply (ECF No. 26).

Because the Rule 56(d) motion requests that the Court defer ruling, or alternatively deny without prejudice, the motion for summary judgment, the Court will address that motion first.

I.  **Legal Standard for a Motion under Fed.R.Civ.P. 56(d)**

Federal Rule of Civil Procedure 56(d) ("Rule 56(d)"), formerly Fed.R.Civ.P. 56(f) ("Rule 56(f)"), provides as follows.

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

"The crux of Rule 56(f) is that 'summary judgment should be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" *Hackworth v. Progressive Cas. Ins. Co.*, 468 F.3d 722, 732 (10th Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5, 106 S.Ct. 2505 (1986)) (alteration omitted). Further, the Tenth Circuit has interpreted Rule 56(f) to require the summary-judgment nonmovant to "submit an

affidavit identifying the probable facts not available and what steps have been taken to obtain these facts and must explain how additional time will enable him to rebut movant's allegations of no genuine issue of fact." *Id*. (quotation omitted).

## II.     Discussion

Here, plaintiff has met her burden of identifying the probable facts not available, the steps she has taken to obtain those facts, and how additional time may allow her to rebut defendant's submitted evidence. As an initial matter, plaintiff asserts that her need for additional discovery time pertains to defendant's summary judgment argument that it is a bona fide private membership club under Title VII and the ADA. (ECF No. 17-1 at ¶ 4.)[1] Plaintiff then identifies facts that are unavailable; specifically, the following alleged facts: (1) defendant's common practice of allowing members to purchase guest passes, spa treatments, and dining services as gifts for guests, who then use the same without being accompanied by a member; (2) local hotel managers purchasing memberships for the sole purpose of obtaining guest passes to distribute to guests of their respective hotels; and (3) defendant allowing outside, non-member organizations to use its facilities. (*Id*. at ¶¶ 8-10.)

Next, plaintiff asserts that her counsel has conducted an "independent investigation" and obtained "some information that is relevant as to whether [defendant] qualifies for bona fide private club status." (*Id*. at ¶ 6.) Plaintiff asserts that this information is contained in her response to the motion for summary judgment. (*Id*.) Perusing the response reveals the following about plaintiff's independent investigation. Plaintiff alleges that: defendant does not "significantly prescreen[ ]"

---

[1] The sole basis for defendant's motion for summary judgment is the allegation that it is a bona fide private membership club, and thus, it is not an "employer" for purposes of Title VII and the ADA. (*See* ECF No. 9 at 3-9.)

membership applications; in the past ten years fewer than five applicants have been rejected; new members rarely know their sponsoring member; and defendant's director of membership finds current members to act as a sponsor if a new member does not know a current member. (ECF No. 16 at 11.) Thus, it appears that plaintiff has not only taken steps to obtain facts, her counsel has actually obtained at least a modicum of information related to her alleged facts.

Finally, plaintiff asserts that additional discovery is required in order for her to depose defendant's leadership about its membership practices and the use of its facilities, as well as deposing other employees and securing documents from defendant. (ECF No. 17-1 at ¶¶ 5, 11.) In the Rule 56(d) motion, plaintiff asserts that this additional discovery will allow her the opportunity to obtain evidence that defendant's stated membership rules are a "sham" and that defendant opens up its facilities to public use. (ECF No. 17 at 2-3.) Plaintiff contends that this is "crucial" for purposes of determining whether defendant is a bona fide private membership club. (*Id.* at 3.) To assess whether this is the case, it is necessary to look at the underlying test for establishing an entity's bona fides.

Defendant asserts, and plaintiff does not dispute, that a non-employer for purposes of Title VII and the ADA is an entity that is both tax exempt and a bona fide private membership club. (*See* ECF No. 9 at 3; *see generally* ECF No. 16.) Plaintiff does not contest that defendant is a tax exempt organization. (*See generally* ECF No. 16.) As discussed *supra*, the issue of whether defendant is a bona fide private membership club is disputed, but the parties agree that the Court should apply a three-part test set forth in the Equal Employment Opportunity Commission's ("the EEOC") Compliance Manual ("the Manual") in determining whether defendant is such a club. (*See* ECF No. 9 at 4; ECF No. 16 at 3-4.)

The three-part test is as follows: (1) whether the entity is a club in the "ordinary sense of the word"; (2) whether the entity is private; and (3) whether there are meaningful conditions of limited membership. EEOC Compliance Manual, § 2-III.B.4.a.ii. The parties further agree that the EEOC's Manual provides further standards or definitions for assessing whether an entity is a club, whether it is private, and whether it imposes meaningful conditions of membership. (*See* ECF No. 9 at 4-6; ECF No. 16 at 5-6, 9.) Specifically, the EEOC Manual defines "club" as follows: "an association of persons for social and recreational purposes or for the promotion of some common object … usually jointly supported and meeting periodically, membership in social clubs usually being conferred by ballot and carrying the privilege of use of club property." EEOC Compliance Manual, § 2-III.B.4.a.ii.(a).

In determining whether an entity is private, the EEOC instructs to consider: (1) the extent to which the entity's facilities and services are limited to club members and their guests; (2) the extent to which and manner that the entity is controlled or owned by membership; and (3) whether, and to what extent and manner, the entity publicly advertises to solicit members or to promote the use of its facilities or services to the general public. *Id*. § 2-III.B.4.a.ii.(b). The presence or absence of any one of these factors is not determinative. *Id*. In determining whether meaningful conditions of limited membership are imposed, the EEOC instructs to consider the size of the membership, including the existence of any size limitations, and membership eligibility requirements. *Id*. § 2-III.B.4.a.ii.(c).

Although the Court makes no finding as to whether the alleged facts that plaintiff believes that she will uncover during discovery, even if all true, will rebut the motion for summary judgment, arguably the alleged facts throw aspects of the EEOC's three-part test into controversy. For

example, plaintiff alleges that it is common practice for guests to use defendant's facilities without being accompanied by a member, that defendant allows outside non-members to use its facilities for events, and that hotel managers purchase memberships in order to give guest passes to hotel guests. If true, arguably, this may cast doubt on defendant's assertion that it is a private club in that defendant contends that it limits its facilities to members and invited guests, and said guests may only use the facilities in the presence of a member. Plaintiff also alleges that, based on counsel's "independent investigation," defendant's new members rarely know their sponsoring member personally. Again, arguably, this may cast doubt on defendant's assertion that it imposes meaningful conditions on membership, especially given that defendant relies on its bylaws for establishing its meaningful conditions and plaintiff alleges that those bylaws are not observed in practice. (*See* ECF No. 6-7; ECF No. 17-1 at ¶ 7.)

The Court observes that the alleged instances of, *inter alia*, outside non-member events and guests using facilities without member accompaniment may prove to be isolated incidents, and thus, less probative of defendant's status as a private club, *see E.E.O.C. v. Chicago Club*, 86 F.3d 1423, 1436 (7th Cir. 1996), but, at this juncture, it is very hard to tell whether that is the case. Defendant asserts in its response to the Rule 56(d) motion that plaintiff relies on isolated instances, and such reliance cannot defeat its motion for summary judgment. (ECF No. 21 at 3-4.) Defendant misses the point though. *At present*, without any discovery, plaintiff's allegations appear to be isolated instances of alleged deviations from defendant's stated practices. That does not mean that, *after* discovery, these isolated instances, to the extent they are actually isolated, will not be viewed as the general practice.

Defendant further argues in its response that plaintiff's assertions are merely speculation amounting to a "fishing expedition." (ECF No. 21 at 3.)  The Court disagrees.  Plaintiff has identified specific facts that she hopes to uncover in discovery.  Thus, additional discovery would hardly amount to a fishing expedition in its usual sense.  *See, e.g.*, *Cuomo v. Clearing House Ass'n, L.L.C.*, 557 U.S. 519, 531, 129 S.Ct. 2710 (2009) ("Judges are trusted to prevent 'fishing expeditions' or an undirected rummaging through bank books and records for evidence of some unknown wrongdoing."); *Miranda v. Integrity Solution Servs., Inc.*, 2014 WL 519239, at *1 (D. Colo. Feb. 10, 2014) (explaining that "discovery cannot serve as a fishing expedition through which plaintiff searches for evidence to support facts he has not yet pleaded.") (quotation omitted).  Here, plaintiff's request for discovery is not "undirected," rather, based on the affidavit, it is directed at defendant's alleged practices which may indicate that it is not a private membership club.

Defendant also quibbles with plaintiff's declaration that evidence related to the public's access to defendant's facilities is "crucial" as to whether defendant is a private club.  (*See* ECF No. 21 at 4-5.)  Defendant argues that such evidence cannot be crucial because the EEOC has stated that the presence or absence of any one of the three factors involved in whether a club is private is not determinative.  (*Id*. at 4.)  Defendant's summary of the EEOC guideline is accurate, but whether or not the alleged evidence is crucial, in the sense that said evidence alone will decide whether defendant is a private club,[2] ignores the wider issue that the evidence could certainly play a part in determining whether defendant is such.  In other words, at the very least, the alleged facts in the affidavit may bring into dispute the second and third factors in determining whether defendant is a private entity, which would be more than the absence of any one factor.

---

[2] Which it would not.

The Court also notes that the motion for summary judgment was filed two months after this case first began. The only Tenth Circuit case that the Court has found with a similarly short gap, and actually a shorter gap, is *Libertarian Party of New Mexico v. Herrera*, 506 F.3d 1303, 1307 (10th Cir. 2007). In that case, the defendant moved for summary judgment five weeks after the complaint was filed. *Id*. The Tenth Circuit concluded that the district court did not abuse its discretion in denying the plaintiff's motion under Rule 56(f) because the accompanying affidavit did not identify any specific facts that the plaintiff sought to uncover or how those facts would rebut the motion for summary judgment. *Id*. at 1309 (stating that the affidavit merely recited the legal standard and the need for general evidence). Here, plaintiff's affidavit does far more than that. As discussed *supra*, the affidavit sets forth specific facts for which discovery is needed. Although the affidavit does not expressly discuss how those facts would rebut the motion for summary judgment, the affidavit does state that the facts are relevant to defendant's private club status and refers to plaintiff's response to the motion for summary judgment where plaintiff attempts to rebut the same. Ultimately, under the circumstances here, where the EEOC states that inquiries into an entity's private status should be done on a case-by-case basis, *see* EEOC Compliance Manual, § 2-III.B.4.a.ii.(b), which necessarily will involve conducting a fact-specific analysis, the motion for summary judgment was filed prematurely when it was filed before discovery had begun.

As a result, the motion for summary judgment is DENIED WITHOUT PREJUDICE as premature, and the Rule 56(d) motion is GRANTED.

### III. Conclusion

For the reasons set forth herein, the Court:

(1)  DENIES WITHOUT PREJUDICE defendant's motion for summary judgment (ECF No. 9); and

(2)  GRANTS plaintiff's Rule 56(d) motion (ECF No. 17).

The deadlines in the Scheduling Order (ECF No. 15) remain in full force and effect.

**SO ORDERED.**

DATED this 16th day of March, 2016.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge